IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| CHARDAE MOSLEY,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>WHITE PINES, INC. dba L.A.'S NIGHT CLUB aka L.A.'S GENTLEMEN'S CLUB; KENNY EDWARDS; LYNNANN EURICH; DOE MANAGERS 1 through 10; and DOES 1 through 3; DOES 4 through 10,<br><br>　　　　　Defendants. | Case No. 2:21-cv-00284 |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF THEIR
MOTION FOR SUMMARY JUDGMENT**

COME NOW Whites Pines, Inc., Kenny Edwards, and Lynnann Eurich (collectively, "Defendants"), by and through their undersigned legal counsel, and file this Memorandum in Support of their Motion for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.

**I.     INTRODUCTION**

The Amended Complaint asserts that Defendants have committed several violations of the Fair Labor Standards Act ("FLSA") against Planitiff Chardae Mosley, and Plaintiff Pa'tria Young recently opted into this action asserting the same. However, aside from the allegations of the Amended Complaint and the Plaintiffs' respective Notices of Consent to Join this action, there is no indication that Plaintiffs Mosley and Young have ever been associated with the Defendants. Indeed, current and former personnel and staff of Defendant White Pines, Inc. are not familiar with

the remaning Plaintiffs and, to the best of their knowledge, Plaintiffs Mosley and Young never performed services of any kind at White Pines, Inc.'s place of business.

Because the remaining Plaintiffs have not performed services at White Pines, Inc.'s place of business, they could not have suffered any cognizable injury from the conduct alleged in the Amended Complaint. Thus, even if Defendants committed violations of the FLSA, Plaintiffs Mosley and Young lack Article III standing to bring this action, this Court lacks subject-matter jurisdiction to hear their claims, and the Defendants are entitled to judgment as a matter of law.

## II. STATEMENT OF UNDISPUTED MATERIAL FACTS

1. On May 25, 2021, 2021, Plaintiff Chardae Mosley - alongside former Plaintiffs Alethia Tyler, Danielle Williams, and Mariah McNeil - filed the Amended Complaint against Defendants, alleging that Defendants committed several violations of the Fair Labor Standards Act. ECF No. 8.

2. In the Amended Complaint, Plaintiff Mosley alleges that Defendants failed to pay minimum wages, failed to pay overtime, took illegal kickbacks, unlawfully took tips, and unlawfully forced "tip sharing" arrangements. *Id.*

3. The Amended Complaint asserts that Plaintiff Mosley "worked at Defendants' principal place of business" and was "employed by Defendants". *Id.* ¶¶ 3, 6.

4. Plaintiff Mosley's Consent to Join Collective Action form asserts that she "work/worked as an exotic dancer for L.A.'s Gentlemen's Club in Virginia Beach, Virginia from approximately 2016 to 2020." ECF No. 8-3.

5. On July 27, 2021, Plaintiffs Alethia Tyler, Danielle Williams, and Mariah McNeil entered a stipulation to voluntarily dismiss their claims against the Defendants. ECF No. 21. On July 29, 2021, this Court dismissed the former Plaintiffs' claims. ECF No. 22.

6. On August 5, 2021, Plaintiff filed a Notice of Consent to Join Suit on behalf of Plaintiff Pa'tria Camilla Young. ECF No. 23.

7. Plaintiff Young's Consent to Join Collective Action form asserts that she "work/worked as an exotic dancer for L.A.'s Gentlemen's Club in Virginia Beach, Virginia from approximately August 2016 to December 2020." ECF No. 23-1.

8. Defendant Kenny Edwards is the President of Defendant White Pines, Inc., and Mr. Edwards personally screened, interviewed, and approved contractors and entertainers to perform at White Pines, Inc.'s place of business. Declaration of Kenny Edwards, attached here as Exhibit A.

9. Mr. Edwards is unfamiliar with Plaintiffs Mosley and Young. After conducting an investigation, Mr. Edwards has been unable to identify Plaintiffs Mosley and Young as entertainers who performed at White Pines, Inc.'s place of business. *Id.* To the best of Mr. Edwards' knowledge, Plaintiff's Mosley and Young have never performed at White Pines, Inc.'s place of business. *Id.*

10. Sasha Grice was formerly employed by White Pines, Inc. to provide security services at White Pines, Inc.'s place of business at all times White Pines, Inc. was open for business from 2017 to March 2021. Declaration of Sasha Grice, attached here as Exhibit B.

11. Ms. Grice was responsible for security for all persons entering and leaving White Pines, Inc.'s place of business. As a result, Ms. Grice is familiar with the female entertainers who performed at L.A.'s. *Id.*

12. Ms. Grice is unfamiliar with Plaintiffs Mosley and Young. To the best of Ms. Grice's knowledge, Plaintiffs Mosley and Young have never performed at White Pines, Inc.'s place of business.

### III.   LEGAL ARGUMENT

#### A.   STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 56, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material facts and the movant is entitled to judgment as a matter of law." "A dispute is genuine if a reasonable jury could return a verdict for the nonmoving party." *Jacobs v. N.C. Admin. Office of the Courts*, 780 F.3d 562, 568 (4th Cir. 2015) (internal quotations omitted). "A fact is material if it might affect the outcome of the suit under the governing law." *Id.* (internal quotations omitted). In this instance, Defendants respectfully submit that Plaintiffs Mosley and Young lack standing to pursue their claims because they never performed services for which they were entitled to payment under the FLSA.

Article III standing is a prerequisite to federal subject-matter jurisdiction. *See Sopkin v. Mendelson*, 746 Fed. Appx. 157, 159 (4th Cir. 2018). "The burden of establishing standing to sue lies squarely on the party claiming subject-matter jurisdiction." *Frank Krasner Enters. v. Montgomery County*, 401 F.3d 230, 234 (4th Cir. 2005) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)). The burden rests on the Plaintiffs to demonstrate that they, in fact, have standing to bring the instant action against the Defendants. "[L]itigants may raise a lack of subject matter jurisdiction objection at any time during a case." *Jeffress v. Reddy*, 77 Fed. Appx. 627, 634 (4th Cir. 2003).

"To have a claim heard in federal court, a plaintiff must establish: (1) an 'injury in fact' to a 'legally protected interest' that is both '(a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical'; (2) a causal connection between the injury and the conduct complained of that is 'fairly traceable,' and not 'the result of the independent action of some third party not before the court'; and (3) a non-speculative likelihood that the injury would

4

be redressed by a favorable judicial decision." *Id.* (citing *Lujan*, 504 U.S. at 560-61). Unless the Plaintiffs can demonstrate all of these elements, they do not have standing to bring this action, and this Court does not have subject-matter jurisdiction over the claims.

### B. THE PLAINTIFFS LACK STANDING TO BRING THIS LAWSUIT

The Plaintiffs allege that Defendants committed several violations of the FLSA. Specifically, the Plaintiffs allege that the Defendants (1) failed to pay the Plaintiffs the minimum wage, (2) failed to pay the Plantiffs overtime wages, (3) engaged in the taking of illegal kickbacks from entertainers, including the Plaintiffs, (4) unlawfully took tips from the Plaintiffs, and (5) unlawfully required the Plaintiffs to pay fees to employees who are not customarily compensated in tips. *See generally* ECF No. 8. Defendants challenge the remaining Plaintiffs' standing to bring these claims because there is no indication that Plaintiffs Mosley or Young ever performed services at White Pines, Inc.'s place of business. As such, Plaintiffs Young and Mosley are not entitled to pay from the Defendants under the FLSA and could not have suffered injury as a result of the conduct alleged in the Amended Complaint. Accordingly, Plaintiffs lack standing, this Court lacks subject-matter jurisdiction to hear the Plaintiff's claims, and Defendants are entitled to judgment as a matter of law. This Court should grant Defendants' Motion for Summary Judgment.

Mr. Edwards is the President of White Pines, Inc, and has acted in that capacity at all times relevant to this dispute. Mr. Edwards' testimony, attached to this memorandum as Exhibit A, indicates that he takes it upon himself to interview and screen the entertainers who wish to perform at White Pines, Inc. *See* Exhibit A at ¶ 6. Despite personally screening the entertainers for approval to perform at the establishment, Mr. Edwards is not at all familiar with Plaintiffs Mosley or Young. Mr. Edwards also investigated the Plaintiffs' claims with other persons affiliated with White Pines, Inc., but was unable to find any indication of Plaintiffs Mosley and Young performing

at White Pines, Inc.'s place of business among the business's records or in conversations with other individuals affiliated with the business. *Id.* ¶¶ 7-10.

Sasha Grice is among the former staff members Mr. Edwards contacted with regard to the remaining Plaintiffs. Ms. Grice was previously employed by White Pines, Inc. to provide security services at the front desk and the front door. Exhibit B at ¶ 3. Ms. Grice worked in this capacity at all times that White Pines, Inc. was open for business from 2017 through March 2021. *Id.* ¶ 4. In doing so, Ms. Grice monitored all persons, including the entertainers, who entered and exited the building. Ms. Grice became familiar with all of the female entertainers who performed at White Pines, Inc. Ms. Grice is not familiar with Plaintiffs Mosley or Young. To her knowledge, Plaintiffs Mosley and Young have never performed at White Pines, Inc.'s place of business. *Id.* ¶¶ 6-7.

Even assuming, *arguendo*, that Defendants engaged in the conduct alleged in the Amended Complaint, Plaintiffs Young and Mosley never suffered any injury as a result because they never performed services at or on behalf of White Pines, Inc. Plaintiffs Mosely and Young are not entitled to compensation for services they did not render. Plaintiffs Mosley and Young have not sufficiently established that they have suffered an injury in fact which is fairly traceable to the conduct alleged in the Amended Complaint. As a result, Plaintiffs Mosley and Young – the only remaining Plaintiffs at the time this memorandum is filed – lack standing to bring the claims set forth in the Amended Complaint. Thus, this Court lacks subject-matter jurisdiction to adjudicate the remaining Plaintiffs' claims, and the Defendants are entitled to judgment as a matter of law. This Court should grant Defendants' Motion and dismiss this action pursuant to Federal Rule of Civil Procedure 56.

## IV. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant their Motion for Summary Judgment and dismiss the instant action with prejudice.

Dated: August 18, 2021

Respectfully submitted,

**WHITE PINES, INC.,
KENNY EDWARDS,
& LYNNANN EURICH**

By: /s/ *signature*

Thomas M. Lucas (VSB No. 27274)
Shaun M. Bennett (VSB No. 93391)
Jackson Lewis, PC
500 E. Main Street, Suite 800
Norfolk, Virginia 23510
Telephone:   (757) 648-1445
Facsimile:   (757) 648-1418
E-mail:   thomas.lucas@jacksonlewis.com
              shaun.bennett@jacksonlewis.com
*Counsel for Defendants*